# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

RALPH W. TALMAGE, AS TRUSTEE
OF RALPH W. TALMAGE TRUST, *et al.*,

    Plaintiffs,

v.

JACQUELINE M. BRADLEY, *et al.*,

    Defendants.

Case No. 2:17-cv-544
JUDGE GEORGE C. SMITH
Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiffs the Talmage and Haid Trusts initiated this lawsuit seeking a declaratory judgment to quiet title, asserting that their overriding royalty assignment is not subject to the 1994 Bradley Assignment, as well as a number of other claims. Defendants Jacqueline Bradley and the Estate of Ralph Bradley filed a Counterclaim against Plaintiffs and a Third-Party Complaint against Northwood Energy Corporation seeking to enforce the 1994 Bradley Assignment. The parties filed cross-motions for partial summary judgment and this Court denied Plaintiffs' Motion for Partial Summary Judgment and granted in part and denied in part Defendants/Cross-Claimants Motion for Partial Summary Judgment. (*See* Doc. 69, March 26, 2019 Opinion and Order). This matter is currently before the Court on Plaintiffs Motion for Reconsideration (Doc. 74) and Defendant Gulfport's Motion Suggesting a Stay, Modification, and/or Clarification (Doc. 75). These motions are fully briefed. For the reasons that follow, the Motions are **DENIED**.

# I. BACKGROUND

The facts of this case are set forth in detail in this Court's March 26, 2019 Opinion and Order (Doc. 69). For purposes of this Order, the Court will summarize those facts. In April 1994, TransAtlantic Energy Corp., TransAtlantic Management Company, and TransAtlantic Gas Marketing, Inc. (collectively, "TransAtlantic") assigned and conveyed various oil and gas leases, in whole or in part, and related oil and gas wells, to Eastern States Oil & Gas, Inc. ("Eastern") (the "TransAtlantic-Eastern Assignment"). (Doc. 33 at ¶ 10-11; Doc. 33-1; Doc. 35 at ¶ 10; Doc. 48-2, Deposition of Ralph Talmage ("Talmage Dep.") at 262–64; Doc. 48-3, Deposition of John DiFrangia ("DiFrangia Dep.") at 71–73 & Ex. 6). The TransAtlantic-Eastern Assignment concerned over 11,000 acres and 100 wells, including oil and gas leases located in Belmont, Monroe, and Noble Counties in Ohio that are specifically identified within Exhibit B to the TransAtlantic-Eastern Assignment (collectively referred to as the "Leases"). (Doc. 33-1 at Ex. B). The TransAtlantic-Eastern Assignment was recorded in Belmont, Monroe, and Noble Counties in Ohio. (Doc. 33, ¶¶ 13–15; Doc. 35, ¶¶ 13–15; Doc. 48-2 at 262–64).

Eastern conveyed to Ralph L. Bradley, who was then an Eastern executive, a five percent (5%) overriding royalty interest in all the Leases. (Doc. 33-4). The Bradley overriding royalty interest (the "Bradley Override") was granted in an assignment (the "Bradley Assignment"), which states in pertinent part as follows:

> EASTERN STATES OIL & GAS, INC., a Virginia corporation, hereby does GRANT, BARGAIN, SELL, ASSIGN, TRANSFER AND CONVEY, subject to all of the provisions set out hereinafter, without warranty of title, either express or implied, unto RALPH L. BRADLEY ("Assignee") ***an overriding royalty interest of five percent (5%) of 8/8ths*** (the "ORRI") in and to all of the acreage subject [to] the Leases and ***in and to all oil and gas produced from, or allocated to, said Leases***, . . .

2

The Bradley Assignment was recorded in Monroe County on December 28, 1994, and in Belmont County on January 6, 1995. However, it was not recorded in Noble County. (*See* Doc. 33). Ralph Bradley owned the Bradley Override until March 20, 2017, when he assigned it to Jacqueline M. Bradley, his wife, and that assignment was thereafter recorded in Belmont, Monroe, and Noble Counties. (Doc. 33 at ¶ 24; Assignment of Bradley Override to Jacqueline M. Bradley).

The subject Leases were then transferred to NCL Appalachian Partners, LP ("NCL"). (Doc. 1, Compl. at ¶ 13); then to Northwood Energy (the "NCL-Northwood Assignment"); and then ultimately to Gulfport and Antero. (*Id*. at ¶ 20; Doc. 33 at ¶ 38; Doc. 34 at ¶ 38; Doc. 36 at ¶ 38).

In 2016, two former officers of Eastern, Barbara Bordelon and David Dresner, at the request of Ralph Bradley, recorded affidavits of fact related to the Leases in Noble County, Ohio. (Doc. 1-7; Doc. 1-8; Doc. 48-9). Ms. Bordelon prepared the Bradley Assignment, and Mr. Dresner signed the Bradley Assignment. (Doc. 48-9). These Affidavits stated that: (1) Eastern intended for the Bradley Override to cover the Leases in Noble County; and (2) Eastern was tasked with recording the 02059810-3 / 28877.00-0001 9 Bradley Override in all three counties, but through inadvertence failed to record it in Noble County. (*Id*.).

Plaintiffs initiated this case on June 22, 2017, seeking a declaratory judgment that the Noble County interests of the Northwood-Talmage-Haid Partial Assignment (and the predecessor Assignments) are not subject to the 1994 Bradley Assignment. (*See* Doc. 1, Compl. ¶ 43–47). The parties filed partial cross-motions for summary judgment. The Court denied Plaintiffs' Motion for Partial Summary Judgment and granted in part and denied in part Defendants/Third-

3

Party Plaintiffs' Motion for Partial Summary Judgment. Judgment was entered in favor of Defendants/Third-Party Plaintiffs on Plaintiffs' slander of title claim and the breach of contract claim. All other claims, counterclaims and cross-claims remain pending.

Plaintiffs and Defendant Gulfport now ask the Court to reconsider its March 26, 2019 Opinion and Order. (*See* Docs. 74 and 75).

## II. STANDARD OF REVIEW

A motion for reconsideration and/or to alter or amend judgment are not the proper vehicles to reargue the case or to present evidence which should have been raised in connection with an earlier motion. *See Database Am., Inc. v. Bellsouth Advert. & Publ'g Corp.*, 825 F. Supp. 1216, 1219–20 (D. N.J. 1993); 11 Charles Alan Wright, Arthur Miller and Mary Kay Kane, *Federal Practice and Procedure,* §2810.1 (2d ed. 1995) (motions to alter or amend judgment cannot be used "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to entry of judgment."). "[A] motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple." *In re Christie*, 222 B.R. 64, 66 (Bankr. D. N.J. 1998) (*citing Database*, 825 F. Supp. at 1220). "A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'" *Database*, 825 F. Supp. at 1220.

Nor is a motion for reconsideration properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). When a motion for reconsideration raises only a disagreement by a party

with a decision of the court, that dispute "should be dealt with in the normal appellate process, not on a motion for reargument." *Database*, 825 F. Supp. at 1220.

## III. DISCUSSION

Plaintiffs (the Talmage and Haid Trusts) and Third-Party Defendant Northwood (hereinafter collectively referred to as the Plaintiffs or "Northwood Parties") seek reconsideration of the Court's Opinion and Order denying their Motion for Partial Summary Judgment. The Northwood Parties argue that pursuant to Ohio Revised Code § 5301.09, the 1994 Bradley Assignment is invalid in Noble County because it was not recorded there. Defendant Gulfport has also filed a Motion Suggesting a Stay, Modification and/or Clarification from the Court regarding this Court's ruling that Gulfport must pay the Bradley Parties all monies due pursuant to the Bradley Override for Belmont and Monroe Counties. The parties each submit multiple arguments in support of their positions. The Court will address each in turn.

**A.  Northwood Parties' Motion for Reconsideration**

The Northwood Parties have moved for reconsideration of this Court's ruling regarding the "parties thereto" exception to Ohio Revised Code § 5301.09. Specifically, they argue that the Bradley Assignment must be invalidated for failure to record it in Noble County pursuant to Ohio Revised Code § 5301.09. The Bradley Parties respond that the motion for reconsideration fails to cite any change in law, new facts, clear error of law, or manifest injustice. Instead, they are merely attempting to reargue an issue that was fully briefed and already considered by the Court.

The Court has carefully reviewed Plaintiffs' arguments and agrees with the Bradley Parties that the Northwood Parties are merely rearguing their case and there is no basis for such reconsideration. Plaintiffs have not satisfied any of the stringent requirements for reversal under

Rule 52(b), Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure. A motion for reconsideration under the aforementioned rules is to be used to correct errors of law, or fact, or to present newly discovered evidence. Plaintiffs simply disagree with the findings and conclusions made by this Court in its March 26, 2019 Opinion and Order and they are attempting to reargue their position already considered by this Court. Plaintiffs take issue with the Court's finding that there is a question of fact as to whether Northwood was a bona fide purchaser for value and whether Northwood had actual knowledge of the Bradley Assignment and Bradley Override. Regardless of whether any party to this lawsuit is a successor by merger of Eastern, the parties could have assumed the rights and responsibilities pursuant to an assignment and/or purchase agreement. Notably, Plaintiffs assert that "there is no 'assignment and/or purchase agreement' under which Gulfport or Antero assumed rights and responsibilities such that they 'could be deemed as standing in the shoes of Eastern for purposes of the aforementioned exception to Ohio Revised Code §5301.09." (Doc. 81, Pls.' Reply at 6). However, this Court requested the assignments and/or purchase agreements regarding the transfer of the Leases to Gulfport and Antero and the parties refused to produce them.

Additionally, the Court found that Ohio Revised Code § 2719.01 could apply, which provides "[w]hen there is an omission, defect, or error in an instrument in writing" which renders a document "not in strict conformity with the laws of this state, the courts may give full effect to such instrument" so as to manifest the intent of the parties.

Plaintiffs have therefore failed to provide any new basis for this Court to reconsider or reverse its prior decision and invalidate the 1994 Bradley Assignment. Therefore, Plaintiffs' Motion for Reconsideration is **DENIED**.

**B.     Gulfport's Motion for Stay, Modification, and/or Clarification**

Defendant Gulfport seeks clarification of this Court's March 26, 2019 Opinion and Order regarding Gulfport's interest in Belmont and Monroe Counties.

The Bradley Parties moved for summary judgment on their breach of contract claim against Defendants Gulfport and Antero who they alleged drilled oil and gas wells utilizing the Belmont and Monroe County Leases and are obligated pursuant to the Bradley Assignment to pay the overriding royalty interest.  The Bradley Parties alleged that Gulfport and Antero have been paying the Northwood Parties, but have failed to pay the Bradley Parties for ongoing production in Belmont and Monroe Counties.   The Bradley Parties specifically noted interests in Gulfport's Clark Unit in Belmont County, which is held pursuant to the Barker Lease and Gulfport's Starr Unit located in Belmont County, which is held pursuant to the Hothem Lease.   The Barker and Hothem Leases were specifically identified on Exhibit B to the TransAtlantic-Eastern Assignment. (Doc. 33, Defs.' Am. Counterclaim, Am. Third-Party Compl. and Crossclaim at ¶¶ 29–44). Defendant Antero Resources Corporation ("Antero") filed a response stating that it does not take a position on which parties should receive the overriding royalty interest.   Antero requested the Court enter judgment specifying the party(s) entitled to the overriding royalty interest and how much.   (Doc. 53).   Defendant Gulfport chose not to respond at all to the Motion.

The Court ultimately found that the Bradley Override was recorded and therefore valid in Belmont and Monroe Counties.    Since there was no opposition to the Bradley Parties' Motion for Summary Judgment on their Breach of Contract claim with respect to their interest in Belmont and Monroe Counties, the Court granted judgment on their breach of contract claim with respect to the

Bradley Override in Belmont and Monroe Counties.[1] It was alleged that the Northwood Parties had received overriding royalty interest payments from Gulfport, Antero, and other operators that should also have been paid to the Bradley Parties pursuant to their overriding royalty interest in the same underlying Leases. The Court therefore ordered Gulfport and Antero to pay the Bradley Parties any and all monies due under the Bradley Override for those two counties.

Defendant Gulfport, however, now wants to argue that the Bradley Override does not apply to the "new wells," asserting that "Gulfport hold no Leases as described in the TransAtlantic-Eastern Assignment (defined in the Order as "the Leases") (i) located in Belmont and Monroe Counties; (ii) <u>and</u> which have been drilled with new wells, triggering the Bradley Override." (Doc. 75, Gulfport's Mot. at 7). Gulfport also asserts that the parties have engaged in additional discovery since the issuance of the Court's March 26, 2019 Opinion and Order; however, the discovery period ended on September 28, 2018, (*see* Doc. 59) and the Bradley Parties submit that no additional discovery has been done.

The Bradley Parties counter that Gulfport has failed to allege a change in controlling law, any new evidence, nor a clear error or manifest injustice justifying reconsideration of the Court's Opinion and Order. The Court agrees. The Bradley Parties' arguments were clearly set forth in their Motion for Summary Judgment and Gulfport failed to respond. Gulfport asserts that it was not their burden to prove that a particular lease that the Bradley Parties claimed an interest in

---

[1] In fact, the only dispute on this issue was with respect to the term "well site" as defined in the TransAtlantic-Eastern Assignment and incorporated by referenced in the Bradley Assignment. The Court held that the plain language of the TransAtlantic Eastern Assignment defines "Well Sites" as "designated on the survey well plats for each of the Wells, which are attached hereto as Exhibit B-1." (Doc. 49-1)

remained valid. Regardless of whose burden of proof it was, a motion was filed seeking judgment and Gulfport failed to respond. If Gulfport wanted to challenge the underlying Leases to which the Bradley Parties claimed their overriding royalty interest applied, they should have done so in response to the Bradley Parties' Motion for Summary Judgment. *See Am. Marietta Corp. v. Essroc Cement Corp.*, 59 F. App'x 668, 671 (6th Cir. 2003) ("To withstand summary judgment, the non-movant must present sufficient evidence to create a genuine issue of material fact. . . . A district court properly relies upon the facts provided by a moving party when a motion for summary judgment goes unopposed.").

The Bradley Parties sufficiently alleged that Gulfport has drilled wells held by leases specifically listed on Exhibit B to the TransAtlantic-Eastern Assignment, thereby triggering the obligations of the Bradley Override. Gulfport must therefore pay the 5% override of the new wells in Belmont and Monroe Counties for those portions of the Leases that are depicted within the surveyed boundaries on the survey plats comprising Exhibit B-1 to the TransAtlantic-Eastern Assignment.

Defendant Antero notes in their response to Defendant Gulfport's Motion that they have paid Plaintiffs and the Bradley Parties the undisputed portions of their overriding royalties for the Belmont and Monroe County leases and they are working with opposing counsel to address payment of those disputed Belmont and Monroe County royalties. (*See* Doc. 82).

### IV. CONCLUSION

Based on the aforementioned reasons, the Court **DENIES** Plaintiffs' Motion for Reconsideration and Defendant Gulfport's Motion Suggesting a Stay, Modification, and/or Clarification.

The Clerk shall remove Documents 74 and 75 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**